IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

NELSON MICHAEL,

    Plaintiff,

v.                                                      Civil Action No. 3:25-cv-188
                                                      Judge Gina Groh

WAL-MART STORES EAST, LP.,

    Defendant.

## DEFENDANT WAL-MART STORES EAST, LP'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Wal-Mart Stores East, LP, by counsel, and for its answer to Plaintiff's Complaint filed herein and against it, does answer and respond to the same as follows:

Answering the introductory paragraph of Plaintiff's Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

### PARTIES

1.    Answering paragraph number 1 of Plaintiff's Complaint, upon information and belief, Defendant admits the allegations contained therein.

2.    Answering paragraph number 2 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

3.    Answering paragraph number 3 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

### JURISDICTION AND VENUE

4.    Answering paragraph number 4 of Plaintiff's Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

5.    Answering paragraph number 5 of Plaintiff's Complaint, Defendant states that this

paragraph contains a legal conclusion to which no response is required by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against this Defendant, the same expressly is denied.

## FACTS AND CAUSES OF ACTION

6. Answering paragraph number 6 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

7. Answering paragraph number 7 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

8. Answering paragraph number 8 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

9. Answering paragraph number 9 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

10. Answering paragraph number 10 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

11. Answering paragraph number 11 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

12. Answering paragraph number 12 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

13. Answering paragraph number 13 of Plaintiff's Complaint, Defendant is without sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

14. Answering paragraph number 14 of Plaintiff's Complaint, Defendant states that this paragraph contains a legal conclusion to which no response is required by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against Defendant, the same expressly is denied.

15. Answering paragraph number 15 of Plaintiff's Complaint, Defendant states that this paragraph contains a legal conclusion to which no response is required by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against Defendant, the same expressly is denied.

16. Answering paragraph number 16 of Plaintiff's Complaint, Defendant states that this paragraph contains a legal conclusion to which no response is required by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against Defendant, the same expressly is denied.

17. Answering paragraph number 17 of Plaintiff's Complaint, Defendant denies the allegations contained therein as to it and demands strict proof thereof.

18. Answering paragraph number 18 of Plaintiff's Complaint, Defendant states that this paragraph contains a legal conclusion to which no response is required by way of admission or denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against Defendant, the same expressly is denied.

19. Answering paragraph number 19 of Plaintiff's Complaint, Defendant states that this paragraph contains a legal conclusion to which no response is required by way of admission or

denial. Nevertheless, to the extent said paragraph may be construed as alleging a claim, cause of action, or any unlawful conduct by or against Defendant, the same expressly is denied.

20. Answering paragraph number 20 of Plaintiff's Complaint, Defendant denies the allegations contained therein as to it and demands strict proof thereof.

21. Answering paragraph number 21 of Plaintiff's Complaint, Defendant denies the allegations contained therein as to it and demands strict proof thereof.

22. Answering the "Wherefore" clause of Plaintiff's Complaint, Defendant denies that it owes Plaintiff any sum of money for any reason.

23. Defendant denies all allegations contained in Plaintiff's Complaint that are not specifically admitted herein.

24. To the extent that Plaintiff's Complaint utilizes headings, and to the extent those headings may be construed as alleging a claim, cause of action, or any unlawful conduct by or against Defendant, the same expressly is denied.

## FIRST DEFENSE

Defendant asserts each and every affirmative defense found in Rule 8(c) of the Federal Rules of Civil Procedure, including but not limited to contributory/comparative negligence, assumption of risk, and statute of limitations as those defenses may apply to the facts of this civil action as determined through discovery.

## SECOND DEFENSE

Defendant says that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant did not breach any duties owed to Plaintiff.

**FOURTH DEFENSE**

Defendant asserts that the injuries and damages about which Plaintiff complains, all of which Defendant denies, were a proximate result of negligence on the part of Plaintiff or negligence on the part of some third party not named herein.

**FIFTH DEFENSE**

Defendant asserts that if Plaintiff sustained the injuries and damages about which Plaintiff complains, on or about December 3, 2023, the same were the proximate result of negligence by Plaintiff that equaled or exceeded the negligence of Defendant, if any, by reason of which Plaintiff should be barred from recovery herein, pursuant to the doctrine of comparative negligence.

**SIXTH DEFENSE**

Defendant reserves the right to assert that the injuries and damages about which Plaintiff complains, all of which Defendant denies, were a proximate result of an exacerbation of a pre-existing condition should the evidence warrant.

**SEVENTH DEFENSE**

Defendant states that Plaintiff assumed all normal, obvious, or ordinary risks attendant on the use of its premises.

**EIGHTH DEFENSE**

Defendant states that no causal connection exists between the actions or omissions complained of, and the injuries allegedly sustained by Plaintiff.

## NINTH DEFENSE

Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the affirmative defense that Plaintiff failed to mitigate his alleged damages and injuries should the evidence warrant.

## TENTH DEFENSE

Defendant affirmatively asserts that all due diligence was used to discover and/or prevent any dangerous conditions which may have existed on the business premises at all times alleged in Plaintiff's Complaint and that it had no actual or constructive knowledge of any dangerous conditions which may have existed on the business premises at all times alleged in Plaintiff's Complaint.

## ELEVENTH DEFENSE

Defendant affirmatively asserts that it could not have reasonably anticipated that Plaintiff would not keep a reasonable and proper lookout to protect himself from any known, open, and/or obvious conditions which may have existed on its business premises at all times alleged in Plaintiff's Complaint.

## TWELFTH DEFENSE

Defendant affirmatively asserts that it could not have reasonably anticipated that Plaintiff would not discover or detect all open and obvious conditions which may have existed on its business premises at all times alleged in Plaintiff's Complaint.

## THIRTEENTH DEFENSE

Defendant affirmatively asserts that any dangerous condition existing on the business premises alleged by Plaintiff was open and obvious and could have been observed or discovered

by any reasonably prudent person exercising due care for their own safety.  Therefore, Plaintiff was charged with knowledge of the allegedly dangerous condition and was under a duty to exercise reasonable care for his own safety and protection.

## **FOURTEENTH DEFENSE**

Defendant reserves the right to assert to assert any counterclaim, cross-claim, or third-party claim that may become apparent after further investigation or discovery.

WHEREFORE, Wal-Mart Stores East, LP respectfully requests that the Court dismiss Plaintiff's Complaint, award its costs incurred in this matter, and grant it such further relief as the Court deems proper.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

WAL-MART STORES EAST, LP,<br>
By Counsel.

/s/ Heather M. Noel_____
Heather M. Noel, W. Va. Bar No. 7814
Sara E. Brown, W. Va. Bar No. 11999
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304/291-2702 telephone
304/291-2840 facsimile
hnoel@shumanlaw.com
sebrown@shumanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

NELSON MICHAEL,

    Plaintiff,

v.                                                    Civil Action No. 3:25-cv-188
                                                      Judge Gina Groh

WAL-MART STORES EAST, LP.,

    Defendant.

## CERTIFICATE OF SERVICE

    I, Heather M. Noel, do hereby certify that on December 19, 2025, a true copy of the foregoing **DEFENDANT WAL-MART STORES EAST, LP'S ANSWER TO PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jared M. Smallwood, Esq.
P.O. Box 487
Skinner Law Firm
Charles Town, West Virginia 25414
*Counsel for Plaintiff*

/s/ Heather M. Noel_____
Heather M. Noel, W.Va. Bar No. 7814
Sara E. Brown, W.Va. Bar No. 11999
Shuman McCuskey Slicer PLLC
300 Wedgewood Driver, Suite 110
Morgantown, WV 26505
(304) 291-2702 – telephone
(304) 291-2840 – facsimile
hnoel@shumanlaw.com
sebrown@shumanlaw.com